# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DENNIS J. SKILLICORN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 00-MC-8002-CV-W-NKL |
| | ) |
| DON ROPER, Superintendent, Potosi | ) |
| Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court are Petitioner Dennis J. Skillicorn's Motion for Relief from Judgment in Light of *Cone v. Bell* and his accompanying Motion for Stay of Execution Pending Motion for Relief from Judgment in Light of *Cone v. Bell* [Docs. ## 84, 85]. For the following reasons, the Court denies the motions.

## I. Factual Background

Skillicorn was convicted in Missouri state court of a first-degree murder which occurred in Missouri. He was sentenced to death. Following his direct appeal and state petition for postconviction relief, Skillicorn filed a petition for writ of habeas corpus with this Court.

In that petition, Skillicorn asserted a claim under the Eighth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963). Skillicorn explained that, after being apprehended but before trial, he gave a sworn statement in which he confessed to involvement in a murder in Mexico as well as other crimes. The prosecution used his statement about the Mexico murder during the penalty phase of Skillicorn's trial. The prosecution also presented evidence that Skillicorn was involved in other murders. Skillicorn learned after the trial that the authorities could not find corroborating evidence

of the Mexico murder, despite having conducted an investigation. The prosecution had not told Skillicorn about the unsuccessful investigation before trial.

"Claim No. 6" of Skillicorn's habeas petition reads:

> . . . Skillicorn was denied his Eighth and Fourteenth Amendment Rights by the prosecution's use at the penalty phase of evidence that [Skillicorn] was involved in a murder in Mexico for the reason that this murder, in all likelihood, never happened and was, therefore, constitutionally unreliable; and because the government agencies had knowledge that this murder probably never occurred and failed to reveal this exculpatory evidence to the defense prior to trial.

[Doc. #87, Sugg. Opp. Mot. Stay at 2-3 (citing Habeas Petition at ii-iii).] Skillicorn argued that there was a strong likelihood that the prosecution had withheld material exculpatory evidence concerning the murder in Mexico at trial in violation of his due process rights under *Brady*. In addition, he argued that the use of his statement violated the Eighth Amendment under *Johnson v. Mississippi*, 486 U.S. 578 (1988) because his death sentence was based on materially inaccurate evidence – namely, a murder that never occurred.

Skillicorn conceded that he had not raised these arguments in the state courts; accordingly, this Court found them procedurally defaulted. Because Skillicorn could not show the cause and prejudice required to overcome the procedural default, the Court denied Skillicorn's petition for writ of habeas corpus and a subsequent motion to alter or amend judgment, but granted a certificate of appealability.

The Eighth Circuit affirmed. *See Skillicorn v. Luebbers*, 475 F.3d 965 (8th Cir. 2007). The entirety of the Eighth Circuit discussion of Skillicorn's claim concerning the murder in Mexico follows:

D. Mexico Murder

> Skillicorn's next claim is that the trial court erred in allowing the state, during the penalty phase, to present evidence of his involvement in the murder at the Mexican diner. The evidence came in through the use of his pre-trial statement to authorities. He contends that habeas corpus counsel later found out that the authorities could not find corroborating evidence of this murder. Accordingly, the state's failure to disclose this fact to him violated his right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963), and also his Eighth Amendment rights because the jury possibly sentenced him to death based upon his involvement in a "murder that never occurred."
>
> Skillicorn concedes that this claim was not presented to the state courts, and the district court determined that this claim was procedurally barred. Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir.2006). Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed.2d 594 (1977); *Murray v. Carrier*, 477 U.S. 478, 492, 496, 106 S. Ct. 2639, 91 L. Ed.2d 397 (1986).
>
> Skillicorn asserts as cause the fact that the government failed to disclose to him that it was not able to find evidence of the Mexico murder. The district court found that this was not an adequate "cause" for the default, because Skillicorn knew at trial whether or not he had participated in the Mexico murder. Nor was Skillicorn prejudiced because the jury heard about several other crimes Skillicorn participated in while running from authorities, in addition to the Mexico murder. We agree with the district court's analysis of this issue. Skillicorn cannot establish cause or actual prejudice as contemplated by *Murray v. Carrier*, and this claim is procedurally barred.
>
> Moreover, we agree with the government that if the claim were adjudicated on the merits, it would fail. The jury heard evidence about the murder in Mexico through Skillicorn's own statement regarding his involvement. We fail to see how the fact that the government did not find evidence of a murder, committed at a diner in rural Mexico, is in any way relevant to whether Skillicorn's own admissions about the murder were admissible at trial. This claim is without merit.

*Skillicorn*, 475 F.3d at 976-77.

In its opinion, the Eighth Circuit noted that the *Brady* and Eighth Amendment issues were procedurally defaulted by Skillicorn's failure to raise them in state court; unless he could show cause and prejudice, the Federal courts could not reach the merits on habeas review. *Id.* at 976-77. The Eighth Circuit agreed with this Court's findings that (1) Skillicorn had not established cause and (2) he had not established prejudice. *Id.* at 977. Thus, the Eighth Circuit found Skillicorn's claim

3

procedurally barred. *Id.* In addition, the Eighth Circuit considered Skillicorn's claim on the merits, finding that the allegedly suppressed evidence did not impact the admissibility at trial of Skillicorn's own admissions about the murder in Mexico and that Skillicorn's claim therefore was without merit. *Id.*

## II.     Pending Motions

Skillicorn has filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The motion states that the Eighth Circuit erred in its finding that there was neither cause nor prejudice for Skillicorn's procedural default. In support of his argument, Skillicorn directs the Court to *Cone v. Bell*, No. 07-1114, 2009WL1118709 (U.S. April 28, 2009), which he says demonstrates why the Eighth Circuit's ruling is wrong. Based on *Cone*, he seeks to set aside the federal judgment which denied him habeas corpus relief and seeks a stay of his execution scheduled for May 20, 2009.

## III.    Discussion

As a preliminary matter the Court must determine whether Skillicorn's Rule 60 motion should be treated as a "habeas corpus application." If his motion is a habeas corpus application, then it is subject to 28 U.S.C. § 2244(b) as a successive application for habeas relief. That statute prohibits a district court from considering a successive petition absent direction from the Court of Appeals. *Gonzalez v. Crosby*, 545 US 524, 530, 536 (2005). Therefore, if Skillicorn's Rule 60 motion is a habeas corpus application, it must be denied.

A Rule 60 motion is a habeas corpus application when it asserts a federal claim for relief from a state court's judgment of conviction. *Gonzalez v. Crosby* 545 U.S. 524, 530, 533 (2005). On the other hand, "if neither the [rule 60] motion nor the federal judgment from which it seeks

relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as [a Rule 60 motion] creates no inconsistency with the habeas statute or rules." *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005).

Skillicorn states that his motion for relief is not a successive habeas petition because it does not state a "claim," but, rather, only challenges the Eighth Circuit's finding of procedural default. "When no 'claim' is presented, there is no basis for contending that [a] Rule 60(b) motion should be treated like a habeas corpus application." *Gonzalez v. Crosby*, 545 U.S. 524, 533 ( 2005). However, the Eighth Circuit judgment from which Skillicorn seeks relief did addresses the merits of his habeas corpus claim in addition to finding that the claim was procedurally barred . Therefore, his Rule 60 motion effectively challenges a state court judgment because it seeks to set aside a federal judgment which addresses the merits of his habeas corpus claim. *See id.* ("A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.)

While conceding that the Eighth Circuit considered the merits of his *Brady* argument, Skillicorn states that the Eighth Circuit did not rule separately on – and, thus, did not consider – his Eighth Amendment argument. The Court disagrees. The Eighth Circuit described Skillicorn's arguments concerning the murder in Mexico as a single "claim," but acknowledged that it included both *Brady* and Eighth Amendment challenges. *See Skillicorn*, 475 F.3d at 977. This was logical because Skillicorn placed his *Brady* and Eighth Amendment arguments under the heading of a single "claim," Claim Number 6 in his habeas corpus petition. Moreover, the Eighth Circuit's discussion of Skillicorn's "Claim Number 6" is as applicable to Skillicorn's Eighth Amendment claim as it is

to his *Brady* claim. Admitting evidence of Skillicorn's statement about the murder in Mexico even when the FBI could not determine whether such a murder had occurred is a far cry from *Johnson v. Mississippi*, 486 U.S. 578 (1988) where a defendant was sentenced to death based on a conviction that was subsequently vacated. Furthermore, the question is not whether the Eighth Circuit correctly resolved the merits of Skillicorn's claim. The question is whether it resolved both the Eighth Amendment and Fourteenth Amendment components of "Claim Number 6." Given a fair reading of the opinion, the Eighth Circuit reviewed the merits of both the *Brady* and Eighth Amendment issues and, thus, Skillicorn's Rule 60 motion for relief constitutes a successive habeas petition. The Court cannot consider it absent direction from the Eighth Circuit.[1]

Even if Skillicorn's motion for relief was not a successive habeas petition and only sought review of whether his claim is procedurally barred, he could not prevail. Rule 60(b) movants must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (citations omitted). "Rule 60(b) is properly invoked [in a habeas corpus proceeding] where there are extraordinary circumstances, or where the judgment may work an extreme undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997) (citation and internal punctuation omitted).

Skillicorn does not dispute that both his *Brady* and Eighth Amendment arguments were procedurally defaulted. The Court cannot consider a procedurally defaulted claim unless there is

---

[1] Skillicorn filed a motion to authorize a successive habeas petition with the Eighth Circuit. *See Skillicorn v. Roper*, No. 09-2118 (8th Cir. filed May 13, 2009). In that motion to authorize a successive habeas petition, Skillicorn stated that his *Brady* and Eighth Amendment arguments are "technically successive claims because these issues were raised in [Skillicorn's] previous habeas corpus petition." [*Id.* Doc. # 1 at 3.] The Court has been informed that the Eighth Circuit has denied Skillicorn's request to file a successive habeas petition.

6

cause for the default and prejudice which resulted from the alleged violation of federal law, or a showing that the petitioner is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 496-97 (1986). Skillicorn's innocence is not at issue here; thus federal courts could only reach the merits of the *Brady* and Eighth Amendment issues if Skillicorn could show both cause and prejudice.

The Eighth Circuit found that he could not. As to cause, the Eighth Circuit indicated that Skillicorn's knowledge of whether he participated in the murder in Mexico rendered him capable of raising his claim earlier. As to prejudice, the Eighth Circuit indicated that – where the jury heard about several other crimes in which Skillicorn had participated (including other murders) – a finding that the murder in Mexico never occurred, despite Skillicorn's confession, would not have undermined confidence in the jury's decision. *Skillicorn*, 476 F.3d at 977 ("Nor was Skillicorn prejudiced because the jury heard about several other crimes Skillicorn participated in while running from authorities, in addition to the Mexico murder").

Skillicorn however, argues that *Cone v. Bell*, No. 07-1114, 2009WL1118709 (U.S. April 28, 2009), undermines the Eighth Circuit's ruling on cause and prejudice. In *Cone* the U.S. Supreme Court addressed the question of whether a *Brady* claim is procedurally defaulted when it is twice presented to a state court but rejected because the state court found either that the claim was waived or previously determined. After finding no procedural default, the Court remanded the case because the lower courts had never considered whether the suppressed evidence impacted the jury's finding at the sentencing – as opposed to guilt – phase of the trial. *Id.* at *14.

Regardless of whether *Cone* calls into question the Eighth Circuit's ruling concerning cause for Skillicorn's default, *Cone* does not disrupt the Eighth Circuit's ruling that Skillicorn has not shown prejudice. Here, Skillicorn disputes the use of the evidence of the murder in Mexico only

7

as it relates to his sentence; it is that dispute the Eighth Circuit has already addressed, with respect to cause, prejudice and on its merits. In contrast, the lower courts in *Cone* had not resolved the issue of prejudice in the context of the sentencing phase. Also, in *Cone*, the suppressed evidence went directly to the defendant's primary defense – a defense which he presented at trial and which encompassed all of the conduct which was part of his crime spree. *Id.* Here, Skillicorn never attempted at trial to controvert Skillicorn's statement about the murder in Mexico even though he was in a position to know whether that murder ever occurred. More importantly, there was evidence of multiple murders at trial so it is unlikely that the jury based a sentence of death on only the Mexico murder. Unlike the Petitioner in *Cone*, Skillicorn has presented no argument which calls into doubt the Eighth Circuit's finding on the issue of prejudice. Without a showing of prejudice, he cannot overcome the procedural default even if *Cone* undermines the Eighth Circuit ruling on the issue of cause.[2, 3]

Skillicorn has not presented extraordinary circumstances justifying relief from judgment or indicated that substantial justice would be served by such relief. He cannot prevail on his motion for relief under Rule 60(b). In addition to being a successive habeas petition, Skillicorn's motion

---

[2] Skillicorn filed supplemental suggestions [Doc. # 89] in support of his motion for stay of execution. He states that a recent press release from the Missouri Attorney General lists various crimes committed by Skillicorn, but does not list the murder in Mexico. Skillicorn argues that this press release is an admission by Respondent that the murder in Mexico never occurred. The failure to mention the murder in Mexico in a press release, without more, does not amount to an admission by Respondent. Any such admission would not alter the finding that Skillicorn was not prejudiced by the evidence of the murder in Mexico at trial.

[3] It is not necessary for the Court to address the effect of *Cone* on the Eighth Circuit's findings concerning cause because cause alone could not be a reason for granting Skillicorn's motion.

8

for relief is not meritorious. It follows that Skillicorn's motion for stay does not provide "substantial grounds" upon which to grant Skillicorn's motion to stay. *See generally Bowersox v Williams*, 517 U.S. 345, 346 (1996) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted") (citations omitted).

## IV. Conclusion

Accordingly, it is hereby ORDERED that Skillicorn's motion for relief [Doc. # 84] and his motion for stay [Doc. #85] are denied.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: May 19, 2009
Jefferson City, Missouri

9

Case 4:00-cv-08002-NKL   Document 90   Filed 05/19/09   Page 9 of 9